## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>                   Plaintiff,<br><br>vs.<br><br>DUANE MANUEL CRUZ<br><br>               Defendants. | Case No. CF0647-24<br><br>**DECISION AND ORDER ON MOTIONS IN LIMINE** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on November 5, 2024, for the Jury Trial of Duane Cruz Manuel. The Court addressed People's Notice and Motion in Limine to Admit Evidence Under Rule 413 and People's Second Notice and Motion in Limine to Admit Evidence Under Rule 413. Public Defender Attorney William Bischoff appeared for Defendant Duane Manuel Cruz and Assistant Attorney General Grant Olan appeared for the People of Guam ("People"). In accordance with its ruling from the bench on November 5, 2024, the Court now issues the following order **GRANTING** the People's Motion in Limine and the People's Second Motion in Limine.

Decision and
Order on Motions in Limine
CF0647-24, *People of Guam v. Duane Manuel Cruz*
Page 1 of 5

## PROCEDURE

On October 17, 2024, the People filed its Motion in Limine regarding Guam Rules of Evidence ("GRE") 413. People's Mot. in Lim. No opposition was filed by the Defense. Additionally, on October 31, 2024, the People filed its Second Motion in Limine to Admit Evidence Under Rule 413. People's Second Mot. in Lim. The Court reviewed the motions and applicable law and ruled from the bench on November 5, 2024.

## RULINGS

The Court now addresses each Motion in Limine in turn.

### I. People's Motion in Limine to Admit Evidence Under Rule 413

The Court **GRANTS** the People's Motion to admit evidence pursuant to Rule 413 of the GRE. The People have moved to be able to introduce evidence of the Defendant's previous Second Degree Criminal Sexual Conduct conviction in CF242-14. In *Chinel*, the Guam Supreme Court used a three-factor test to determine whether a prior offense or conduct is admissible. *Chinel*, 2013 Guam 24 ¶ 21. This test includes 1) the present case must include criminal sexual conduct charges, 2) the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault, and 3) the past act must be relevant. This Court has found that both the current and previous cases are criminal sexual conduct charges, the evidence proffered includes a plea agreement and judgment of a prior act of sexual assault. Furthermore, the Court finds this act is relevant as it is a similar type of charge in a criminal sexual conduct case.

The Court has also considered a balancing test as required under Guam Rule of Evidence 403 to determine if the probative value of the 413 evidence is not substantially outweighed by unfair prejudice to a defendant, using the framework provided in *United States v. Lemay*, 260

Decision and
Order on Motions in Limine
CF0647-24, *People of Guam v. Duane Manuel Cruz*
Page **2** of **5**

F.3d 1018. 1026-27 (9th Cir. 2001). *Wesen*, 2022 Guam 18 ¶ 47. Under *Lemay*, the trial court should consider, but is not limited to: 1) the similarity of the prior acts to the acts charged, 2) the closeness in time of the prior acts to the acts charged, 3) the frequency of the prior acts, 4) the presence or lack of intervening circumstances, and 5) the necessity of the evidence beyond the testimonies already offered at trial. *Chinel*, 2013 Guam 24 ¶ 36. The Court finds that the prior acts as charged in CF242-14 are similar in nature to the charges in the present case, there are no intervening circumstances the Court is aware of, and the evidence is necessary beyond other testimony at trial. Although these events occurred approximately nine years apart and there is only evidence of one prior act, the law does not specify a deadline or frequency at which evidence of this type cannot be brought in. Therefore, this Court finds, under the balancing test, the probative value of the 413 evidence is not substantially outweighed by unfair prejudice to a Defendant, and may be admitted under Rule 413.

**II. People's Second Motion in Limine to Admit Evidence Under Rule 413**

The Court **GRANTS** the People's Second Motion to admit evidence pursuant to Rule 413 of the GRE regarding testimony from the victim in this showing that Defendant Duane Cruz engaged in unwanted sex with the minor victim five or six times in addition to one of the charged incidents. Applying the same three-factor test as above, the Court has found that the present case does include criminal sexual conduct charges, that the evidence proffered regarding the other instances of unwanted sex with the minor is evidence of the defendant's commission of another act of sexual assault, and that these acts are relevant as they involve the same type of act involving the same Defendant and the same victim.

Decision and
Order on Motions in Limine
CF0647-24, *People of Guam v. Duane Manuel Cruz*
Page 3 of 5

Using the same balancing test as above to determine whether the probative value of the 413 evidence is substantially outweighed by unfair prejudice to a Defendant, the Court finds that it is not. The prior acts at issue are very similar to the acts charged as they are the same acts involving the same victim. The other acts that are proposed to be brought in occurred close in time to the act as charged, the prior acts occurred frequently, and there are no intervening circumstances the Court is aware of. The Court finds that the evidence is necessary beyond what is being offered at trial as there is only one witness in the present case, and there are no eyewitnesses to add to the victim's testimony. The Court finds that the results of this balancing test show that the probative value of admitting evidence of other instances of sexual abuse against the victim minor is not substantially outweighed by unfair prejudice to a Defendant, and the Court therefore finds that it is admissible.

Rule 413(b) requires that information admissible under this rule be offered "at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause." The Court agrees with the People that good cause for this evidence exists because it only came to light since the matter was asserted, the Prosecutor could not meet with the victim until a few days before trial, and the Motion in Limine to allow this evidence was filed and defense counsel was informed immediately after the information became available.

The Court also notes that, as informed by the Prosecutor, one of the relevant instances of unwanted sex with the minor occurred after the offense which is charged in this case. However, the Court finds that this does not pose an issue to the admissibility of this evidence. In *People v. Wesen*, the Guam Supreme Court also indicated that conduct could be admissible

Decision and
Order on Motions in Limine
CF0647-24, *People of Guam v. Duane Manuel Cruz*
Page **4** of **5**

under GRE 413 even if it is uncharged, and even if it occurred after the charged conduct. *See* 2022 Guam 18 ¶ 44.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion in Limine and the People's Second Motion in Limine and **ORDERS** both the evidence of the Defendant's previous Second Degree Criminal Sexual Conduct conviction in CF242-14 and the testimony from the victim showing that Defendant Duane Cruz engaged in unwanted sex with the minor victim five or six times in addition to one of the charged incidents to be admissible.

SO ORDERED, this ___8th___ day of ___November___ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
acknowledge that an electronic
Copy of the original was e mailed to
___AG, PDSC___

Date _11/8/24_ Time _4:28 pm_
___Albert Caldo___
Deputy clerk , Superior Court of Guam

Decision and
Order on Motions in Limine
CF0647-24, *People of Guam v. Duane Manuel Cruz*
Page 5 of 5